1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RUBEN PAUL CONCHAS,

11              Petitioner,                    No.  2:09-cv-02000 KJN P

12         vs.

13    JAMES J. WALKER,

14              Respondent.              <u>ORDER</u>

15    _____/

16              Petitioner is a state prisoner proceeding without counsel in this habeas corpus

17    action filed pursuant to 28 U.S.C. § 2254.[1]  Petitioner challenges his November 2000 conviction

18    and sentencing.  Presently pending is respondent's motion, filed September 30, 2009, to dismiss

19    the petition on the ground that it is barred by the one-year statute of limitations set forth in the

20    Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d).  (Dkt. No. 9.)  Petitioner

21    has filed an opposition and supplement thereto.  (Dkt. Nos. 11, 15.)  Respondent has filed a

22    reply.  (Dkt. No. 14.)  For the following reasons, the court orders that respondent's motion be

23    granted.

24    _____

25         [1]  Pursuant to consent of the parties filed July 28, 2009 and September 30, 2009, this
      matter was assigned to a magistrate judge for all purposes.  <u>See</u> 28 U.S.C. § 636(c)(1).  On
      February 9, 2010, pursuant to court order, this matter was reassigned to the undersigned
26    magistrate judge.  (Dkt. No. 16.)

BACKGROUND

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "Act").  The Act applies to all petitions for writs of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Ainsworth v. Calderon, 138 F.3d 787, 790 (9th Cir. 1998).  Therefore, it applies to the instant petition filed July 13, 2009.[2] Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.

The following facts and chronology are relevant to the instant statute of limitations analysis:

_____

[2] The court docket indicates a filing date of July 21, 2009.  (Dkt. No. 1.)  However, July 13, 2009, is the date on which petitioner, proceeding without counsel, signed and delivered the instant petition to prison officials for mailing.  (See Dkt. No. 1, at 16.)  Pursuant to the mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1           1.  On November 30, 2000, in Placer County Superior Court, petitioner pled no

2  contest to two counts of voluntary manslaughter, hit and run, resisting arrest, and evading a peace

3  officer.  (See Lodged Document ("LD") No. 1.)[3]  Petitioner was sentenced to a determinate state

4  prison term of twenty-five years. (Id.)

5           2.  On June 19, 2001, the California Court of Appeal, Third Appellate District,

6  affirmed the judgment of the superior court.  (LD No. 2.)

7           3.  Petitioner did not seek review in the California Supreme Court.

8           4.  More than six years later, on November 13, 2007, petitioner filed a petition for

9  writ of habeas corpus in Placer County Superior Court.  (LD No. 3.)  The petition was denied on

10  February 5, 2008.  (LD No. 4).

11           5.  On April 1, 2008, petitioner filed a petition for writ of habeas corpus in the

12  California Court of Appeal, Third Appellate District.  (LD No. 5.)  The petition was denied on

13  April 3, 2008.  (LD No. 6.)

14           6.  On April 14, 2008, petitioner filed a petition for review in the California

15  Supreme Court.  (LD No. 7.)  On May 21, 2008, the petition was denied.  (LD No. 8.)

16           7.  On July 13, 2009, petitioner filed the instant action.  (Dkt. 1.)

17  DISCUSSION

18           Petitioner's conviction became final on July 29, 2001, forty days after the

19  California Court of Appeal affirmed the Superior Court judgment, which marked expiration of

20  the time for filing a petition for review in the California Supreme Court.  See California Rules of

21  Court 24, 28.2.  The one-year limitations period commenced running the following day, on July

22  30, 2001.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

23  Thus, the last day to file a federal habeas corpus petition was July 29, 2002.  Petitioner filed the

24  instant petition nearly seven years later.  Respondent contends that these facts require dismissal

25

26    [3]  All documents identified as Lodged Documents were filed by respondent in this action
on September 30, 2009.  (Dkt. No. 7.)

1  of the petition as time-barred.

2      Petitioner responds that:  (1) the limitations period did not commence until after

3  the California Supreme Court denied his petition for review seeking a writ of habeas corpus in

4  May 2008; (2) the limitations period was restarted by the decision in Cunningham v. California,

5  528 F.3d 624 (2007); and (3) respondent's motion to dismiss is not authorized by this court's

6  order filed August 21, 2009.  None of these contentions has merit.

7      Petitioner initially contends that the limitations period commenced when the

8  California Supreme Court denied his petition for review in May 2008.  A state prisoner

9  challenging his custody must file his federal habeas petition within one year after the date on

10  which the judgment became final by the conclusion of direct review, or upon expiration of the

11  time for seeking such direct review.  28 U.S.C. § 2244(d)(1)(A).  State habeas corpus petitions

12  filed after expiration of this one-year period neither restart the statute of limitations nor have any

13  tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice,

14  276 F.3d 478, 482 (9th Cir. 2001).  Thus, absent a later date for commencement of the

15  limitations period authorized by Section 2244(d)(1), or a proper basis for equitable tolling, the

16  instant petition is untimely.

17      Petitioner next contends that commencement of the limitations period was

18  restarted by the Supreme Court's decision in Cunningham v. California, on January 22, 2007.

19  Petitioner implicitly relies on subsection (C) of Section 2244(d)(1), which authorizes

20  commencement of the limitations period on "the date on which the constitutional right asserted

21  was initially recognized by the Supreme Court, if the right has been newly recognized by the

22  Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. §

23  2244(d)(1)(C).  These conditions were not met by Cunningham.  The Ninth Circuit expressly

24  found that Cunningham "did not announce a new rule of constitutional law" because it reiterated

25  the rule announced by the Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), viz.,

26  that a defendant's Sixth Amendment right to trial by jury is violated by a trial court's failure to

4

1  submit to a jury and prove beyond a reasonable doubt any fact (other than the fact of a prior

2  conviction) that increases the penalty for a crime beyond the prescribed statutory maximum.  See

3  Butler v. Curry, 528 F.3d 624, 636, 639 (9th Cir. 2008), cert. denied, ___U.S. ___, 129 S. Ct. 767

4  (2008).  Moreover, as respondent points out, while Blakely did announce the above-noted new

5  rule, it may not be applied retroactively to decisions that were final before Blakely was decided.

6  See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  Thus, Blakely, decided in 2004, may

7  not be applied retroactively to petitioner's 2000 conviction.[4]

8          Petitioner's third contention is that respondent's motion to dismiss is not

9  authorized by this court's order filed August 21, 2009; petitioner also argues that the statute of

10 limitations is an affirmative defense that must be included in the answer.  Pursuant to this court's

11 order filed August 21, 2009 (Dkt. No. 4), respondent was directed to file "a response,"

12 subsequently referred to therein as an "answer."  Respondent was also directed to comply with

13 Rule 4, Rules Governing Section 2254 Cases, which provides that "the judge must order the

14 respondent to file an answer, motion, or other response within a fixed time. . ."  While the court's

15 order was inartfully worded, its general requirement of a "response," as well as its reliance on

16 Rule 4 and the general applicability of Rule 12(b), Federal Rules of Civil Procedure (motion to

17 dismiss must be filed and resolved prior to the filing of a responsive pleading), authorized

18 respondent's motion to dismiss based on a statute of limitations argument.

19 CONCLUSION

20          For the foregoing reasons, the court finds that the instant petition for writ of

21 habeas corpus is time-barred.

22 ////

23 ////

24

25     [4]  Moreover, although not relevant to the statute of limitations analysis, as the Superior
   Court found, petitioner's substantive reliance on Apprendi v. New Jersey, 530 U.S. 466 (June 26,
26 2000), within the Cunningham line of cases, is inapposite, as it does not apply to negotiated
   pleas.  (See LD No. 4, at 2, citing Blakely, supra, 542 U.S. at 310.)

IT IS THEREFORE ORDERED that:

1. Respondent's September 30, 2009 motion to dismiss (Docket No. 9) is granted;

2. The petition for writ of habeas corpus filed July 21, 2009 (Dkt. No. 1) is dismissed; and

3. The Clerk of Court is directed to close this case.

DATED:  May 26, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

conc2000.mtd